UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICIA STEADMAN; PATRICIA
STEADMAN LTD.,

                        Plaintiffs,

           -against-

CITIGROUP GLOBAL MARKETS
HOLDINGS, INC.,

                        Defendant.

21-CV-2430 (CM)

ORDER DIRECTING PAYMENT OF FEE
OR IFP APPLICATION

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Patricia Steadman[1] brings this action *pro se* on behalf of herself and her company, Patricia Steadman Ltd. To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed *in forma pauperis* ("IFP") application. *See* 28 U.S.C. §§ 1914, 1915.

Plaintiff submitted the complaint without the relevant fees or an IFP application. Within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees or complete and

---

[1] Plaintiff Patricia Steadman Ltd. can proceed in this action only if represented by counsel. *See Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). "[S]ome courts allow sole proprietorships to proceed pro se [because] a sole proprietorship has no legal existence apart from its owner." *Id.* at 140. But other artificial entities, including limited liability companies s and partnerships, cannot appear in federal court without an attorney. *See id.* ("Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms, a limited liability company also may appear in federal court only through a licensed attorney.") (internal citation omitted); *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993) (noting that courts do not allow corporations, partnerships, associations, and other "artificial entities" to appear in court without an attorney)[are there any cites particular to Ltd.'s?].

submit the attached IFP application. If Plaintiff submits the IFP application, it should be labeled

with docket number 21-CV-2430 (CM). If the Court grants the IFP application, Plaintiff will be

permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

No summons shall issue at this time. If Plaintiff complies with this order, the action shall

be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply

with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates

good faith when seeking review of a nonfrivolous issue).

Plaintiff has consented to receive electronic service. (ECF 1 at 9.)

SO ORDERED.

Dated:   March 25, 2021
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge